### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| In re:<br><br>GLENN ROYCE FAVRE,<br><br>      Debtor. | Case No. 08-85264-MHM<br><br>Chapter 7 |
| GLENN ROYCE FAVRE,<br><br>      Plaintiff,<br><br>v.<br><br>WACHOVIA BANK, N.A., QUINCY<br>SAMPSON, JASON HUNT, NANCY YAO,<br>INNOVATIVE MERCHANT SERVICES,<br>and HEATHER JOHNSON<br><br>      Defendants. | Adv. Proc. No. 09-09077-MHM |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF WACHOVIA BANK, N.A.

**COMES NOW** Wachovia Bank, N.A. ("Wachovia"), Defendant in the above-captioned

Adversary Proceeding, and, pursuant to Bankruptcy Rule 7012, herewith files its "**ANSWER**

**AND AFFIRMATIVE DEFENSES**" to the "**CLAIMAINT'S COMPLAINT FOR**

**PERSONAL INJURY AND DAMAGES**" filed by Glenn Royce Favre (the "Debtor" or

"Plaintiff").  In support of its Answer, and without assuming the burden of proof where it

otherwise lies upon Plaintiff, Wachovia pleads the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Wachovia upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's claims have merit, which Wachovia denies, the claims belong to Gregory S. Hays, the appointed Chapter 7 Trustee for the Debtor, and the Debtor does not have the right to independently continue pursuit of the claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to meet the standard of Fed. R. Civ. P. 8 to provide a short and plain statement of the claim showing that the pleader is entitle to relief.  Plaintiff's Complaint fails to provide Wachovia notice of the claims being asserted against it.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted by the Plaintiff are barred by the express language and terms of the Deposit Agreement between Plaintiff and Wachovia, and/or provisions of the Georgia Uniform Commercial Code.

### FOURTH AFFIRMATIVE DEFENSE

Wachovia at all times acted in a commercially reasonable manner and exercised ordinary care.

### FIFTH  AFFIRMATIVE DEFENSE

Damages claimed by Plaintiff are limited by the provisions of the Deposit Agreement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to suffer any injury from any actions of Wachovia.

WCSR 4243800v1

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly plead fraud with particularity as required by Fed. R. Civ.

P. 9.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads the affirmative defenses of waiver, estoppel, and laches.

## NINTH AFFIRMATIVE DEFENSE

Wachovia reserves and incorporates herein all other equitable defenses or affirmative

defenses enumerated in Fed. R. Civ. P. 8(c)(1) that may become applicable to this case pending

discovery in this matter.

## TENTH AFFIRMATIVE DEFENSE

Wachovia pleads the defense of improper process.

## ELEVENTH AFFIRMATIVE DEFENSE

Wachovia pleads the defense of improper service of process.

## ANSWER

As to the allegations in Plaintiff's Complaint, Wachovia answers by denying that it is

liable for the amounts claimed by Plaintiff, or any amounts whatsoever, and respond to the

specifically enumerated paragraphs of the Complaint as follows:

1.      Wachovia is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and for this

reason denies the same.

2.      Denied.  Wachovia admits that it is a National Banking Association with its

principle office located at 301 S. College Street, Charlotte, NC 28288.

3

3.    Denied.

4.    1.  Denied.

2.  Denied.

The remaining paragraphs of Plaintiff's Complaint are unnumbered.  To the extent the

remaining paragraphs in Plaintiff's Complaint contain factual allegations regarding Wachovia,

such allegations are denied.

Wachovia denies any and all allegations contained in the Complaint that are not

specifically admitted.

**WHEREFORE,** Wachovia respectfully requests:

A.    That Plaintiff's Complaint be dismissed in its entirety and that Plaintiff take

nothing;

B.    That Plaintiff be held to strict proof of damages and that judgment be awarded

against Plaintiff in favor of Wachovia on all claims contained in Plaintiff's

Complaint;

C.    That Wachovia recover its attorneys' fees, costs, and expenses of litigation from

the Plaintiff pursuant to the terms of the Deposit Agreement, and/or State and

Federal law; and

D.    That this Court grant Wachovia such other and further relief as it deems just,

equitable, and proper.

4

Respectfully submitted this 23rd day of November, 2009.

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*

By:    /s/ Robert R. Ambler, Jr.
       Robert R. Ambler, Jr.
       Georgia Bar No. 014462
       John A. Thomson, Jr.
       Georgia Bar No. 706760
       John G. Perry
       Georgia Bar No. 141609
       271 17th Street NW, Suite 2400
       Atlanta, Georgia 30363-1017
       Phone: (404) 872-7000
       rambler@wcsr.com
       jthomson@wcsr.com
       joperry@wcsr.com

**Attorneys for Defendant Wachovia Bank, N.A.**

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing

Answer and Affirmative Defenses has been served upon counsel of record by placing same in the

United States postal service with proper postage affixed thereto and addressed to the following:

> Glenn R. Favre, Pro Se
> 110 South Columbia Drive, No. 11
> Decatur, Georgia 30030

This 23rd day of November, 2009.

> <u>/s/ Robert R. Ambler, Jr.</u>
> Robert R. Ambler, Jr.
> Georgia Bar No. 014462
> John A. Thomson, Jr.
> Georgia Bar No. 706760
> John G. Perry
> Georgia Bar No. 141609

WCSR  4243800v1